```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

UNITED STATES OF AMERICA,      )
                               )
          v.                   ) CAUSE NO. 2:06 CR 50
                               )
BOK YOUNG, et al.,             )
```

## OPINION AND ORDER

This matter is before the court on a [Motion for] Bill of Particulars filed by the defendant, Bok Young, on July 14, 2006. For the reasons set forth below, the motion is **DENIED**.

### Background

On March 20, 2006, the grand jury returned a 12 count indictment against the defendant and four other individuals. The defendant was named in three counts of the indictment. Count 1, which includes an Introduction, is 14 pages in length.

The defendant is mentioned for the first time in paragraph 22 of Count 1. It is alleged that between April 2004 and February 2006, the defendant operated a massage parlor known as the Cozy/Barley Spa. It further is alleged that illegal aliens and others performed a variety of sex acts at the spa.

In Count 6, it is alleged that the defendant harbored an illegal alien at the spa on February 22, 2006. In Count 11, it is alleged that the defendant induced the illegal alien to travel in interstate commerce for the purposes of engaging in prostitution at the spa. The illegal alien is identified by the initials "SJK" in both counts.

The pending motion seeks information concerning the names of the unindicted members of the conspiracy, the true name of "SJK", and information relating to how "SJK" was transported from Georgia to Indiana to work at the spa.

## Discussion

Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

In determining whether to grant the Bill of Particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). *See also* *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); *United States v. Glecier,* 923 F.2d 496, 501 (7th Cir. 1991); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985).

A defendant "is only entitled to know the offense with which he is charged, not all the details of how it will be proved." *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997). The indictment is not required to "detail every factual nugget necessary for conviction", nor is it required to "allege in detail the factual proof that will be relied on to support the charges." *United States v. Smith*, 230 F.3d 300, 306 (7th Cir. 2000).

In making this determination, the court is not required to consider only the indictment.  The information may be provided to the defendant through "some other satisfactory form."  *Canino*, 949 F.2d at 949 (the government had maintained an "open-file" policy); *Fassnacht*, 332 F.3d at 447 n.2 ("the government in this case provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars"); *Glecier*, 923 F.2d at 501-02 (a "volume of documents and records" had been provided by the government during discovery).

In February 2006, the government sought a series of material witness warrants to arrest 11 of the women working at several different spas.  Some of the women were detained as material witnesses, and others were released on bond.  "SJK" was one of the women working at the spa who was arrested as a material witness.

After the indictment was returned, the government deposed the material witnesses, and the material witness warrants were dismissed.  In its response, the government has alleged that this defendant participated in the deposition of "SJK".

The material witness depositions were delayed until after the government provided the discovery required by Federal Rule of Criminal Procedure 16.  In its response, the government has alleged that the "defendant has received and had access to thousands of pages of discovery material."  (¶ 6) Under all of

3

the circumstances, the defendant has been provided with sufficient information to prepare a defense for trial.

For the foregoing reasons, the [Motion for] Bill of Particulars filed by the defendant, Bok Young, on July 14, 2006, is **DENIED**.

ENTERED this 18th day of September, 2006

                                        s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge